Todd M. Friedman, Esq.
Identification No. 310961
Cynthia Z. Levin, Esq.
Identification No. 27050
ATTORNEY FOR PLAINTIFF
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
(888)595-9111 ext. 618

FILED

2013 APR 23  AM 9: 25

DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY
## CIVIL DIVISION

| | | |
|---|---|---|
| John Tauro<br>11 Cornell Ave., #2<br>Pittsburgh, PA 15229 | : <br> : <br> : <br> : | No. *GD13 - 7203* |
| vs. | : <br> : | FORM OF ACTION: |
| Bureau of Collection Recovery, Inc.<br>7575 Corporate Way<br>Eden Prairie, MN 55344 | : <br> : <br> : | CLASS ACTION<br>CIVIL COMPLAINT |

NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Allegheny County Bar Association
436 Seventh Avenue
Pittsburgh, PA 15219
Phone (412) 261-6161
www.acba.com
PA Bar Association: www.pabar.org

1

Todd M. Friedman, Esq.
Identification No. 310961
Cynthia Z. Levin, Esq.
Identification No. 27050
ATTORNEY FOR PLAINTIFF
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
(888)595-9111 ext. 618

MAJOR JURY CASE

| | | |
|---|---|---|
| John Tauro<br>11 Cornell Ave., #2<br>Pittsburgh, PA 15229 | : <br> : <br> : | No. |
| | : | |
| vs. | : | |
| | : | FORM OF ACTION: |
| Bureau of Collection Recovery, Inc.<br>7575 Corporate Way<br>Eden Prairie, MN 55344 | : <br> : <br> : | CLASS ACTION<br>CIVIL COMPLAINT |
| | : | |

## CLASS ACTION COMPLAINT

1.    JOHN TAURO ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of BUREAU OF COLLECTION RECOVERY, INC. ("Defendant"), in negligently and knowingly contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

2.    Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Pennsylvania. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

2

3.    Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose primary corporate address is in Minnesota. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10). Defendant is a nationwide leader the consumer debt collection industry.     Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Pennsylvania and in the County of Allegheny, and within this judicial district.

## FACTUAL ALLEGATIONS

4.    At all times relevant, Plaintiff was a citizen of the State of Pennsylvania. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

5.    Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

6.    At all times relevant Defendant conducted business in the State of Pennsylvania and in the County of Allegheny, within this judicial district.

7.    Beginning in or around January 2013, Defendant contacted Plaintiff on his cellular telephone number ending in 7088, in an attempt to collect an alleged outstanding debt owed by "William Jones", other than Plaintiff whom Plaintiff does not know.

8.    Defendant placed no less than two (2) calls to Plaintiff's cellular telephone seeking to collect the alleged debt owed by "William Jones." Defendant placed its calls to Plaintiff from the telephone number (412) 927-4770.

9.    Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff seeking to collect the debt allegedly owed by "William Jones."

10.   Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A).*

11.   Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. §*

3

*227(b)(1).*

12.  On at least one (1) to two (2) occasions, Plaintiff spoke with certain agents of Defendant and informed these agents for Defendant that: 1) "William Jones" cannot be reached on Plaintiff's telephone; 2) that Defendant has an incorrect telephone number and; 3) that Defendant must cease placing such calls to Plaintiff.

13.  Plaintiff does not owe the alleged debt Defendant sought to collect, is not a customer of Defendant's services and has never provided any personal information, including his cellular telephone number, to Defendant for any purpose whatsoever.  Furthermore, Plaintiff does not know nor has ever known "William Jones."  Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ACTION ALLEGATIONS

16.  Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

17.  Plaintiff represents and is a member of The Class consisting of All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

18.  Defendant, its employees and agents are excluded from The Class.  Plaintiff does not know the number of members in The Class, but believe the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in

4

the expeditious litigation of the matter.

19.   The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

20.   Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and Class members.

21.   Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

   a.   Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system any telephone number assigned to a cellular telephone service;

   b.   Whether Plaintiffs and the Class members were damages thereby, and the extent of damages for such violation; and

   c.   Whether Defendant should be enjoined from engaging in such conduct in the future.

22. As someone who received numerous calls from Defendant using an automatic telephone dialing system, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

23. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

24. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

25. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

26. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

29. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

30. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

33. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

34. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

35.   As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36.   Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

37.   Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

38.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

39.   Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

40.   Any other relief the Court may deem just and proper.

///

///

///

///

///

///

<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>

Respectfully submitted this 16th day of April, 2013.

Todd M. Friedman, Esq. (310961)
Cynthia Z. Levin, Esq. (27050)
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@attorneysforconsumer.com
Attorney for Plaintiff

Verification

I, John Tauro, state that I am the Plaintiff in the above action, and am authorized to make this Verification and verify that the statements made in the foregoing pleadings are true and correct. I understand that false statements herein made are subject to penalties of 18 Pa C S Section 4904 relating to unsworn falsification to authorities.

Dated:

04.16.13

_____

John Tauro

10